## THE TASSIA.

## THE MARGARET.

### A. H. BULL S. S. CO. v. THE TASSIA et al., and three other cases.

District Court, S. D. New York.
Oct. 10, 1941.

Hatch & Wolfe, of New York City, for the Kingdom of Greece.

Burlingham, Veeder, Clark & Hupper, of New York City, proctors for libellant A. H. Bull S. S. Co.

Bigham, Englar, Jones & Houston, of New York City, for libellants Liggett & Myers Tobacco Co., Inc., and others.

BRIGHT, District Judge.

Similar motions were made in each of these actions as in the cases of Irving Trust Company and Spierer Freres et Cie against the Steamship "Maliakos", and two other actions, 41 F.Supp. 697 decided herewith, and are governed by the same principles.

The first entitled action was brought in rem to recover damages caused by a collision between the two ships named in that title; the other three to recover on contract for cargo damage to merchandise shipped from Greece to Newport News and New York.

There is no substantial difference in the facts as stated in the Irving Trust Company case. The same instructions were given, there were the same acts of possession, the same representations to our State Department, and the same suggestion of immunity was filed by the United States Attorney in this District in the first action only. At the time the attachments were made under the several libels, the ships had been requisitioned by the Greek Government and were in its possession.

As will be seen by a reference to my opinion in the Irving Trust Company case, the letter from the State Department refers to both the steamship "Tassia" and the steamship "Maliakos", and the same decision is made in these cases as in the "Maliakos" cases.

One additional fact, however, appears in the first above entitled case which is not present in any of the others. Counsel for the libellant has written me that, in the collision, the "Tassia" also sustained damage and that her owners, the respondents above named, had instituted in this court a suit in rem against the libellant's Steamship "Margaret"; that in order to avoid arrest of the "Margaret", the owner had agreed to file a bond as security for the "Tassia" claim; that if the motion to dismiss is granted, the result will be inequitable in that "Tassia's" owners will obtain security for their claim whereas the libellant here will have none. Accordingly, counsel request that if the motion is granted, it be without prejudice to such right as libellant may have fur-

ther to prosecute its libel in rem when and if the Greek Government shall have rescinded or withdrawn its order requisitioning the steamship and shall have ceased possession and control thereof. That practice seems to have been followed in The Laurent Meeus, 1941 A.M.C. 991, and seems appropriate here.

Accordingly, the motions in the second, third and fourth actions are granted insofar as they dismiss the libels in rem. In the first above entitled action, the monition and attachment of this court against the "Tassia" will be quashed and the steamship released without prejudice to such right as the libellant in that action may have further to prosecute its libel in rem when and if the Greek Government shall have rescinded and withdrawn its order requisitioning the "Tassia" and shall have ceased possession and control thereof.